UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JEFFREY A. HABOUSH, <br> DEBRA A. HABOUSH, <br><br> Plaintiffs, <br><br> vs. <br><br> SPEEDWAY, LLC, <br><br> Defendant. | No. 1:15-cv-00482-MJD-TWP |

**ORDER ON MOTION TO REMAND**

This matter comes before the Court on Plaintiffs' "Response to Defendant's Notice of Removal and Motion to Remand Back to the Hancock Circuit Court." [Dkt. 13.] For the reasons explained below, the Court **DENIES**[1] the motion.

## I.   Background

On July 30, 2014, Jeffrey and Debra Haboush ("Plaintiffs") sued Speedway, LLC ("Defendant"), alleging that Jeffrey Haboush had been injured when Defendant negligently allowed a tree to fall on Plaintiffs' pickup truck. Plaintiffs filed their complaint in state court, [*see id.*], but Plaintiffs later served discovery responses that led Defendant to believe that removal to federal court was appropriate. [Dkt. 15 at 1.] Defendant accordingly filed a notice of removal invoking this Court's diversity jurisdiction on March 23, 2015. [Dkt. 1 (citing 28 U.S.C. § 1441).] Plaintiffs objected to the removal on May 12, 2015, and Plaintiffs' motion to remand this case is now before the Court. [Dkt. 13.]

---

[1] A Magistrate Judge may typically issue only a report and recommendation on a motion to remand, *see Johnson v. Globus Med., Inc.*, No. 1:14–CV–00730–SEB–MJD, 2015 WL 71035, at *2 (S.D. Ind. Jan.5, 2015), but the parties in this case have consented to the undersigned's jurisdiction pursuant to 28 U.S.C. § 636(c). [Dkt. 11.]

## II. Discussion

If a state court civil action could have been originally filed in a federal district court, the defendant in such action may remove the action to the district court for the judicial district in which the state court sits. 28 U.S.C. § 1441(a). Defendant in this case asserts that this Court could have exercised original jurisdiction over Plaintiffs' claims on the basis of diversity of citizenship. [*See* Dkt. 1.] This assertion depends on a finding 1) that the parties are completely diverse; and 2) that the amount in controversy exceeds $75,000 dollars. 28 U.S.C. § 1332(a). The parties do not dispute that Plaintiffs and Defendant are completely diverse, [*see* Dkt 1 ¶¶ 2-3; Dkt. 13 ¶¶ 1-2], but Defendant asserts that this case does not satisfy the amount-in-controversy requirement. [*See* Dkt. 13.]

As support for this contention, Plaintiffs have submitted an affidavit and an amended complaint. [Dkts. 13-1 & 13-2.] Plaintiffs state in the affidavit that they will "cap their damages at $75,000," [Dkt. 13-1 ¶ 4], and they state in the amended complaint that "the value of the damages being claimed by the Plaintiffs does not exceed $75,000." [Dkt. 13-2 ¶ 11.] Based on these representations, Plaintiffs conclude that the amount in controversy no longer exceeds $75,000, such that the Court must remand this case. [*See* Dkt. 13.]

This argument is not persuasive. As a general rule, a court's jurisdiction "is determined at the time of removal, and nothing filed after removal affects jurisdiction." *In re Burlington N. Santa Fe Ry. Co.*, 606 F.3d 379, 380 (7th Cir. 2010). And as a specific rule, "a declaration [of damages] by the plaintiff following removal does not permit remand." *Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938) ("[T]hough, as here, the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite

amount, this does not deprive the district court of jurisdiction.")). Thus, even if Plaintiffs' representations have reduced the amount-in-controversy below the amount specified in 28 U.S.C. § 1332(a), this post-removal reduction has no effect on the Court's jurisdiction.

Instead, the Court must determine whether removal was appropriate at the time that Defendant removed this case. *See Burlington*, 606 F.3d at 380. As the proponent of federal jurisdiction, it is Defendant's burden to put forth the requisite jurisdictional facts, and it is Defendant's burden—if those facts are contested—to prove them by a preponderance of the evidence. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006). With respect to the amount in controversy, the removing defendant may establish the amount through contention interrogatories, admissions from state court proceedings, calculations based on the complaint's allegations, affidavits from the defendant's employees, or other evidence. *Id.* at 542-43.

Defendant in this case represented to the Court that it received discovery responses indicating that Jeffrey Haboush had "gross medical bills in excess of $25,000, and an unquantified lost income claim with 'worries about physical limitations of body on back end of his employment career.'" [Dkt. 15 at 1.] Defendant's counsel also submitted an affidavit stating that he has significant experience 1) representing Speedway LLC and 2) trying jury trials involving claims for both medical expenses in excess of $25,000 and lost income. [Dkt. 16 ¶¶ 3-5.] In the first area, "many" cases involve amounts greater than $75,000, and in the second area, "virtually every case" involves amounts greater than $75,000. [*Id.* ¶¶ 4-5.]

Plaintiffs did not submit any evidence in response, and indeed, Plaintiffs submitted no reply at all. Plaintiffs are thus apparently content to rest on their newly-made averment that they will seek no more than $75,000 in damages, but, as explained above, this averment cannot defeat federal jurisdiction. Thus, in light of Defendant's uncontroverted evidence, the Court finds it

more likely than not that, at the time of removal, the amount in controversy in this case exceeded $75,000. Defendant has thus satisfied its burden to prove any contested jurisdictional facts by a preponderance of the evidence, and the Court accordingly **DENIES** Plaintiff's motion to remand this case to state court.

### III.   Conclusion

For the reasons set forth above, the Court **DENIES** Plaintiffs' "Response to Defendant's Notice of Removal and Motion to Remand Back to the Hancock Circuit Court." [Dkt. 13.]

Date:  06/23/2015

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Thomas L. Davis
FROST BROWN TODD LLC
tdavis@fbtlaw.com

Edward L. Walter
PRITZKE & DAVIS
ewalter@pritzkeanddavis.com